The Louisville, New Albany and Chicago Railway Company v. Smith.

Filed Oct. 19, 1883.

---

No. 10,454.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. SMITH.

| 91 | 119 |
| 140 | 278 |
| 148 | 351 |
| 91 | 119 |
| 149 | 278 |
| 91 | 119 |
| 158 | 192 |
| 91 | 119 |
| 159 | 519 |
| 91 | 119 |
| 160 | 131 |
| 91 | 119 |
| 161 | 510 |
| 91 | 119 |
| 166 | 223 |
| 91 | 119 |
| 170 | 319 |

RAILROADS.—Highway Crossings.—Duty of Railroad Company.—Construction of Statute.—Under a fair construction of section 3903, R. S. 1881, it is the duty of a railroad company to construct its road, where it intersects with any public highway, in such manner as to afford security for life and property; and this is so, whether the highway is laid out and opened before or after the construction of the railroad.

SUPREME COURT.— Weight of Evidence.—Where there is evidence in the record tending to sustain the verdict on every material point, the Supreme Court will not reverse the judgment on the weight of the evidence.

SAME.— Questions to Witness.— Objection and Exception. — Exclusion of Evidence.—Error.—The error of the court, if such it be, in sustaining an objection to a question to a witness, though an exception be saved to the ruling, is not an available error in the Supreme Court for the reversal of the judgment, unless it appear from the record that the party informed the trial court at the time what evidence he expected to elicit by the answer to the question, and that the court erred in the exclusion of such evidence.

From the Lawrence Circuit Court.

*G. W. Friedley, E. D. Pearson* and *H. H. Friedley,* for appellant.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

Howk, J.—The first error complained of by the appellant in this case is the overruling of its demurrer, for the want of sufficient facts, to appellee's complaint. In his complaint the appellee alleged, in substance, that on October 20th, 1881, the track of appellant's railroad crossed the public highway leading from Bloomington to Ellettsville, in Monroe county.; that at such crossing the appellant undertook to keep the same in good repair for the use of the public; that, on the day named,. appellant permitted such crossing to get out of repair and become dangerous to cross; that the appellee, not knowing of the defective condition of such crossing, on the day named,. and being a traveller on said highway, undertook to cross appellant's railroad track with his wagon and team of two horses, when, on account of such defective crossing, the appellee's horse, which he was driving, became fast between the rail of appellant's track and the timber across such highway, and in trying to extricate himself, without appellee's fault, was violently thrown to the ground, by which he was damaged and rendered wholly worthless, to appellee's damage $100, for which sum he demanded judgment.

In discussing the sufficiency of this complaint, the first objection thereto of appellant's counsel is thus stated in their brief: "It assumes, as will be seen, that it was the duty of the railroad company to keep the highway at the crossing in good repair. When a highway is laid out crossing a railroad,. the public, we take it, assume all the risks incident to the crossing." We are not inclined to approve of or adopt this position of counsel. In section 3903, R. S. 1881, in force since May 6th, 1853, it is provided as follows in relation to railroad companies: "Every such corporation shall possess. the general powers, and be subject to the liabilities and restrictions expressed in the special powers following: * * *

"*Fifth.* To construct its road upon or across any stream of water, watercourse, road, highway, railroad, or canal, so as not to interfere with the free use of the same, which the route of its road shall intersect, in such manner as to afford security for life and property; but the corporation shall restore the stream or watercourse, road or highway, thus intersected, to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises."

The appellant's counsel claim, however, that these statutory provisions are not applicable to the case in hand, because, they say, "The complaint does not show, nor, in point of fact, is it pretended, that the highway has not grown into use since the railroad was built." In other words, it is claimed by counsel, as we understand them, that the clause of the statute quoted is applicable only to the original construction of appellant's railroad across highways then in existence, and does not apply to a case, where it may be assumed, for the want of an averment to the contrary, that the highway was laid out and opened across the railroad after its construction. We do not think that the clause of the section quoted should receive from the courts any such literal or limited construction in the interests either of the public or of the railroad company. Whether the highway is laid out and opened before or after the construction of the railroad, the legislative intent in the clause quoted is clear, we think, that the railroad company shall construct its road, at its intersection with such highway, " in such manner as to afford security for life and property." This construction of the statute will subserve the interests of the railroad company, as it seems to us, in the preservation of its trains from possible destruction, and in the safety of its employees and passengers. In *Indianapolis, etc., R. R. Co.* v. *Stout,* 53 Ind. 143, the first paragraph of appellee's complaint charged negligence in the construction of the crossing over a certain highway, west of Indianapolis, and that such negligent and defective construction of the crossing caused the injuries which resulted in the death of the appellee's intestate.

The court said : " We think the first paragraph was good. *Mackay* v. *N. Y. C. R. R. Co.*, 35 N. Y. 75 ; *Richardson* v. *N. Y. C. R. R. Co.*, 45 N. Y. 846 ; Shearman & Redfield on Negligence (3d ed.), secs. 448, 451."

Appellant's counsel claim that there is no averment in the complaint that the appellee was without fault ; but, on this point, the record shows that counsel are mistaken. The other objections to the complaint pointed out by the appellant are such as could not be reached by its demurrer, and we need not consider them.

For the reasons given, the court did not err, we think, in overruling the demurrer to the complaint.

Under the alleged error of the court, in overruling the motion for a new trial, the appellant's counsel first insist that the verdict of the jury was not sustained by sufficient evidence. There is evidence in the record which tends to sustain the verdict on every material point in issue between the parties. There was some conflict in the evidence, it is true, but the jury, who saw and heard the witnesses testify, evidently believed the appellee's evidence, as they had the right to do, for they returned a verdict in his favor. The learned judge, under whose eye and in whose hearing the trial was had, upon a proper motion made, refused to set aside the verdict and grant a new trial. In such a case, as we have often decided, we can not disturb the verdict on the mere weight of the evidence. *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73.

Appellant's counsel next complain of the rulings of the court in sustaining appellee's objections to two questions propounded by them to a witness for the appellant, on his direct examination. The record shows that an exception was saved to each of these rulings, but it fails to show that the appellant informed the court what evidence it was expected to elicit from the witness by his answers to such questions. In *Mitchell* v. *Chambers*, 55 Ind. 289, this court said : " Where, as in this case, the record shows only that certain questions were propounded to certain witnesses, and does not show the par-

ticular evidence which it was expected would be elicited by the answers to such questions, we can not say from the record that the court below erred in sustaining the objections to such questions." *Graeter* v. *Williams*, 55 Ind. 461; *Cole* v. *Kidd*, 80 Ind. 563; *Bake* v. *Smiley*, 84 Ind. 212.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed Oct. 20, 1883.