Faust *v.* The City of Huntington *et al.*

No. 10,921.

FAUST *v.* THE CITY OF HUNTINGTON ET AL.

CITY.—*Street.—Dedication.—Injunction.—Complaint.*—In a suit to enjoin a city from using a strip of ground as a street, the complaint must not only show that there has been no grant or condemnation of the land for a street, but, also, that there has been no implied dedication.

From the Huntington Circuit Court.

*J. T. Alexander* and *J. M. Hatfield,* for appellant.

*B. F. Ibach* and *L. P. Boyle,* for appellees.

ELLIOTT, J.—The complaint of the appellant alleges that in 1856 he and Lewis Hutzfield owned in severalty a tract of land adjoining the then town of Huntington ; that in the year named Hutzfield platted an addition to the town, marked thereon streets and alleys, and duly recorded the plat; that the street known as Market street was platted fifty feet in width ; that afterwards, in the year 1874, appellant laid off and platted an addition to the city of Huntington, and dedicated to the public use as part of Market street, sixteen feet, thus increasing the width of that street to sixty-six feet. The complaint, after stating the facts of which we have given a brief synopsis, proceeds as follows : " Plaintiff avers that said defendants, the city of Huntington and Patrick O'Brien, as city civil engineer of said city, are threatening to make permanent improvements on said street by gravelling the same and bouldering the gutters upon either side, and threaten to so locate said improvements as to place thirty-three feet on the north half of said street on the north side of the original dividing line between said Hutzfield and this plaintiff; and plaintiff further alleges that defendants are appropriating and threaten to further appropriate the lands and lots of this plaintiff for street purposes without any grant from this plaintiff or any one else in his behalf, or proceedings being had to condemn the land, and, unless enjoined, will so locate said improvements as to place the same on the lots of this plain-

tiff, thereby destroying permanent improvements erected by plaintiff on his premises adjacent to said Market street."

It is very certain that land can not be appropriated for the purpose of a street unless compensation is first assessed and tendered the owner. The complaint therefore shows, with sufficient certainty, that the land has not been seized by virtue of the right of eminent domain.

It shows also that the corporation of Huntington had not acquired a right by grant. This is as far as the pleading goes; it excludes the hypothesis of title by condemnation or grant, but it goes no further.

There is a way of acquiring lands for public purposes not included in either of the two methods we have mentioned, and that mode of acquiring lands for public use is by implied dedication. If a land-owner, by open and visible acts, unequivocally indicates to the public and to citizens that he intended to, and did, throw open a street to the public, and the citizens and the public have acted upon the faith that there was a dedication, the law will treat the acts of the owner as constituting an irrevocable dedication. In such cases there need be no grant. If the acts indicate an intent to dedicate, are so treated by the public, and there is an acceptance, then it is immaterial whether there was or not any express dedication. The principle upon which implied dedication rests is that which underlies the doctrine of *estoppel in pais.* In speaking of implied dedications, the Supreme Court of the United States said: "All that is required is the assent of the owner, and the use of the premises for the purposes intended by the appropriation. The law considers the owner's acts and declarations as in the nature of an estoppel *in pais* and precludes him from revoking the dedication." *Morgan* v. *Railroad Co.,* 96 U. S. 716. The Supreme Court of Illinois, in discussing this subject, said: "An examination of the cases referred to on the argument, will show, that dedications have been established in every conceivable way, by

which the intention of the dedicator could be evinced." *Godfrey* v. *City of Alton*, 12 Ill. 29. The cases sustaining the doctrine of implied dedication upon the ground that it exists wherever there is an unequivocal manifestation of that intent, and the owner's conduct has been acted upon by others, are very numerous, and we cite only a few of the many. *Doe* v. *President, etc.*, 7 Ind. 641 ; *City of Columbus* v. *Dahn*, 36 Ind. 330; *City of Evansville* v. *Evans*, 37 Ind. 229; *City of Cincinnati* v. *White*, 6 Pet. 431; *Rowan* v. *Town of Portland*, 8 B. Monroe, 232; *Holdane* v. *Trustees*, 21 N. Y. 474. In *Gwynn* v. *Homan*, 15 Ind. 201, it was said, in speaking of the act of dedication, that "Such fact may be shown by proof of acts on the part of the owner, such as selling lots on opposite sides of a strip of ground suitable for a street or highway, and standing by and seeing it used by the public as such; or standing by and permitting such user, for a time, and under circumstances, evidencing a dedication."

The intent to dedicate may in many instances be rebutted, but not in cases where there has been inexcusable neglect or fraud which has misled or deceived others.

In the present instance, the question is one of pleading and not of evidence, and our enquiry is whether the averments of the complaint are sufficient to show a wrongful threat to seize and improve the appellant's land as a public street.

It is a fundamental principle that the acts of public officers are presumed to be regular and legal until the contrary is made to appear. It devolved upon appellant to show by direct averment that the corporate officers were proposing to do a wrongful act. We think he has failed to do this. It will be observed that the statement of the complaint is that the defendants "are threatening to make permanent improvements on said street," and there can be no invasion of appellant's rights if the corporate authorities keep on the street. This statement, taken in connection with the fact that there is no averment that the street has not been set apart to public use.

by an implied dedication, leaves the clear inference that there is a street, but not one created by grant or established under the right of eminent domain. If the question were one of evidence, it is possible that upon proof of an express dedication the appellant would make out a *prima facie* case, requiring the courts to limit the city to the highways located on the plat; but the question here is not one of evidence.

Where there is an intent to dedicate clearly manifested, and the public have used the way, then the right of the public will vest although a much shorter period than twenty years has elapsed. Judge Dillon says: "Where the *animus dedicandi* is established, no user for any definite period by the public is necessary." 2 Dill. Mun. Corp. (2d ed.), section 501. In an English case it was said: "No particular time is necessary for evidence of a dedication; * * if the act of dedication be unequivocal, it may take place immediately." *Woodyer* v. *Hadden*, 5 Taunt. 125. Our own cases recognize this rule. *Hays* v. *State*, 8 Ind. 425; *State* v. *Hill*, 10 Ind. 219; *Summers* v. *State*, 51 Ind. 201; *Mauck* v. *State*, 66 Ind. 177; *Ross* v. *Thompson*, 78 Ind. 90. It can not be said, therefore, that there has not been time sufficient to make the way a public one by implied dedication. In truth, there is nothing in the complaint to show that the way may not have been used as a public street long before 1874; nor, indeed, that the use may not have commenced as far back as 1836.

Where public or corporate authorities are threatening to do an act which may by lapse of time create a title which will deprive the owner of his land, he may maintain injunction even though he shows no actual damages. In such cases the writ operates to prevent the wrongful acquisition of title. The act of permanently appropriating private property to public use is more than a simple trespass. *Ross* v. *Thompson, supra; Sidener* v. *Norristown, etc., T. P. Co.*, 23 Ind. 623; *Webb* v. *Portland, etc., Co.*, 3 Sumner, 189; Broom Com. 93; Washb. Easements, 295; 2 Story Eq., section 924. The complaint, however, fails to make a case within this rule, for the reason

that it fails to show that the right to the street had not been acquired by the public by implied dedication.

Judgment affirmed.

Filed Nov. 26, 1883.