The Louisville, Evansville and St. Louis, etc., R. R. Co. v. Pritchard, etc.

No. 15,795.

THE LOUISVILLE, EVANSVILLE AND ST. LOUIS CONSOL-
    IDATED RAILROAD COMPANY v. PRITCHARD, BY NEXT
    FRIEND.

NEGLIGENCE.— Contributory.—Railroad.—Infant.—Improper Grade at Cross-
    ing.—In an action against a railroad company to recover damages for
    personal injuries alleged to have been sustained by the plaintiff, by rea-
    son of being thrown out of a vehicle while crossing the defendant's
    track, at a highway or street crossing where the grade of the railroad
    had been constructed and maintained at a much higher grade than that
    of the highway, the fact that the injured party was an infant, and was
    driving the team at the time of the accident, does not of itself estab-
    lish contributory negligence.

SAME.—Synopsis of Evidence.—The evidence fails to establish contributory
    negligence when it shows that the horses were gentle and docile; that
    the injured party, a girl of twelve, had driven them together a number
    of times within a short time previous to the accident; that she had
    driven in the vicinity of the railroads and cars, and across railroads;
    that the horses were not afraid of or liable to be frightened by the cars,
    and that she would have been able to have stopped them at the time of
    the accident if the railroad had been properly constructed at the cross-
    ing.

RAILROAD.—Crossing Highway.—Duty to Restore to Previous Condition.—Fail-
    ure to do so.—Liability for Damages.—It is the duty of a railroad company
    upon building its railroad across a highway, to restore the highway as
    nearly as possible to its previous condition, and failing to do so the com-
    pany is liable for damages sustained on account of injuries received by
    reason of the unsafe condition in which it was left, provided the injured
    party used care commensurate with the apparent danger.

From the Crawford Circuit Court.

N. R. Peckinpaugh and J. H. Weathers, for appellant.

R. J. Tracewell, C. L. Jewett and H. E. Jewett, for ap-
pellee.

OLDS, J.—This action is brought by the appellee against
the appellant for damages resulting to appellee by reason of
an injury sustained on account of the negligence of the ap-
pellant in permitting their railroad and track to remain out
of repair and out of grade at a highway or street crossing.

It is alleged in the complaint that in constructing the railroad it was constructed at a grade fifteen feet higher than the grade of the highway, and the crossing was arranged so that there was a sharp and steep elevation and approach to the track on either side of the railroad, and that on either side of the railroad there was a drop from the top of the track to the top of the grade of the street or highway of some fifteen or eighteen inches, so that in crossing the track on said highway there was a sudden rise or jog of fifteen inches to pass over, and a sudden jog or drop of the same distance on going off the railroad track; that by reason of this sudden drop the appellee, Lota Pritchard, was thrown from the two-horse spring wagon in which she was riding, at the time she was driving across said track, and very seriously injured.

The first question presented relates to the sufficiency of the complaint. It is contended by the appellant that it is not sufficient for the reason that it appears from the averments that the appellee was an infant, and that she was driving the two-horse team, and *prima facie* it is negligence for an infant to drive a two-horse team, and, therefore, it shows the appellee to have been guilty of contributory negligence, and the demurrer ought to have been sustained to the complaint. Appellant cites no authority in support of this theory, and we do not think it a proper rule to adopt. The complaint does not state the age of the appellee. For aught that appears in the complaint, she may have been over twenty years of age at the time of the injury. It is alleged that she was without fault or negligence.

There are no averments in the complaint to show that she was guilty of contributory negligence. The fact that she was an infant and was driving the horses does not of itself establish contributory negligence. There was no error in overruling the demurrer to the complaint.

It was the duty of the appellant, upon building its railroad across the highway, to restore the highway as nearly as possi-

ble to its previous condition, and failing to do so, it was liable for damages sustained on account of injuries received by reason of the unsafe condition in which it was left, provided the injured party used care commensurate with the apparent danger. And as to whether due care was used or not is a question of fact for the jury. The complaint at least contains proper averments. *Indianapolis, etc., R. R. Co. v. State, ex rel.,* 37 Ind. 489; *Indianapolis, etc., R. R. Co. v. Stout,* 53 Ind. 143; *Evansville, etc., R. R. Co. v. Crist,* 116 Ind. 446; *Evansville, etc., R. R. Co. v. Carvener,* 113 Ind. 51.

It is urged that the evidence is not sufficient to sustain the verdict, and it is insisted that it was contributory negligence to leave a team of horses so near the railroad in charge of a girl of the age of the appellee.

There is evidence authorizing the jury to have found that the horses were gentle and docile, that appellee had been accustomed to driving one of them a great deal during the year prior, and had driven both of them together quite a number of times within a short time previous to the injury; that she had driven in the vicinity of the railroads and cars and across railroads, and that the horses were not afraid of or liable to be frightened by the cars, and did not frighten at them, and there was no reason to apprehend that the horses would become frightened at the cars or that there would be any danger in leaving them in charge of the appellee. The appellee at the time of the injury was twelve years of age, had been travelling for the past year with her father selling organs, and was accustomed to driving and handling these same horses. On this occasion the horses became frightened at a train coming from behind and passing them and turned around and started across the railroad at quite a rapid gait, though it does not appear from the evidence that the horses appeared to be extraordinarily frightened or that they were beyond the control of the appellee and running away, but the appellee testifies that as they went up the grade to the railroad she put her foot on the brake and that

she would have stopped them if it had been level, but that as the front wheels of the wagon dropped down when it went over the railroad it threw her out. The horses were stopped immediately afterwards in a very short distance from the track, and nothing whatever was injured. The appellee was using all the care she could under the circumstances in crossing the track, and was guilty of no fault. The jury may have properly found from the evidence in the case that the horses were started by the train, but the appellee was able to manage them, and had materially checked their gait when they reached the railroad track, and would have controlled and stopped them had it not been for the dangerous condition of the crossing, by reason of which she was thrown from the vehicle, and we think the evidence sustains the verdict. It does not present a case of horses taking fright at the lawful movement of the cars, and becoming unmanageable, running away and upsetting the vehicle or running against an obstacle and injuring a party. In such a case the railroad company would be guilty of no wrong. The horses took fright at the lawful act of the company, and the injury would be the result of the fright to the horses. But not so in the case at bar. The fright to the horses does not appear from the evidence to have been such as would have prevented the appellee from controlling them and avoiding all injury had she not been compelled to cross the track at a point where the appellant had failed to put it in repair, as it was its duty to do, and by reason of its negligence it had become and was dangerous to cross with vehicles, and in crossing the track at such point, by reason of such condition of the crossing, appellee was thrown from her buggy and injured without her fault.

Some objections are urged to the instructions given in the case, particularly to the action of the court in refusing to give the third instruction requested by the appellant as requested and modifying the instruction and giving it as modified. There was no error in the instruction as given,

and the instruction as requested was not applicable to the facts in the case, and would have had a tendency to mislead the jury, and the court properly modified it.   We think the instructions fairly presented the law of the case, and we find no error in the record for which the judgment should be reversed.

Judgment affirmed with costs.

