Cincinnati, Hamilton & Indianapolis Railroad Company *et al. v.* Claire.

No. 812.

CINCINNATI, HAMILTON AND INDIANAPOLIS RAILROAD COMPANY
ET AL. *v.* CLAIRE.

APPEAL.—*Practice.*—*Failure to File Brief.*—*Waiver of Error.*—The failure
of a party to an appeal to file a brief will be treated as a waiver of the
errors assigned by such party.

NEGLIGENCE.—*Railroad Crossing.*—*Change of Grade.*—*Restoration of Street.*—
When a railroad company is empowered and ordered by a city ordinance
to raise its track at the crossing of an intersecting street, it has the right
and it becomes its duty to do so, but with the exercise of this privilege
and the discharge of this duty, it must assume the obligation to the
public imposed by section 3903, R. S. 1881, to restore the street and its
sidewalks to their former condition of usefulness, so far as it can by the
exercise of reasonable care and diligence, and failing to do so, it is guilty
of maintaining a nuisance, and liable to a traveler who, by reason there-
of, sustains an injury without fault on his part.

SAME.—*Same.*—*Approaches to Crossing.*—The approaches to the part of the
street and sidewalk crossing the track and right of way are a part of the
crossing, and it is incumbent upon the company to place and maintain
the approaches, as well as the crossing, in a condition reasonably calcu-
lated, in contemplation of the surrounding circumstances, to insure the
safety of persons passing over the track and upon the street and sidewalk
at the crossing.

SAME.—*Joint Liability of Railroad Company and City.*—That it was also the
duty of the city, in such case, to provide and maintain a reasonably safe
street and sidewalk, can not relieve the railroad company. The general
rule in such case is that both are primarily liable.

SAME.—*Proof.*—*Variance.*—Where the erection and maintenance of steps
from the crossing to the sidewalk, in such case, is treated as the gravamen
of the action, the fact that the evidence does not show them to be of the
exact size and dimensions averred in the complaint does not make a fatal
variance.

SAME.—*Measure of Damages.*—The measure of damages where one is in-
jured by the negligence of another includes medical and surgical atten-
tion, and is not limited to loss of wages.

CONTRIBUTORY NEGLIGENCE.—*Care in Walking.*—The fact that one passing
along a sidewalk does not look where each foot step is placed does not
necessarily show contributory negligence.

From the Marion Superior Court.

*A. C. Harris, R. D. Marshall* and *L. O Bailey,* for appellants.

*V. Carter,* for appellee.

REINHARD, C. J.—This was an action by the appellee against the Cincinnati, Hamilton & Indianapolis Railroad Company and the city of Indianapolis for personal injuries caused by the alleged defective condition of a street crossing in the city of Indianapolis, at a point where said street crossed the railroad track of said company. The complaint charges that for more than ten years prior to the 17th day of December, 1887, the said railroad track was so located as to intersect and cross the said street, known as East street; that before the year 1885 the railroad track had crossed said street, at the point of intersection, on the same level, or grade, as the grade of said street on both sides of said track; that in 1885 the city of Indianapolis passed an ordinance empowering and requiring the said railroad company to raise its track at said crossing; that in said year 1885 the railroad company, pursuant to the direction of said ordinance, proceeded to, and did, raise its said track at such crossing so that the level and grade thereof was three feet higher than the grade of said East street immediately south of said track; that on the sidewalk on the east side of said street, by the raising of the track, there was made a difference of three feet in the level of the sidewalk, at the point where the same crossed the railroad track, and the level sidewalk immediately south of the track; "that to remedy said difference in the grade of said sidewalk, the said defendants put across said sidewalk, immediately south of said track, three wooden steps, each twelve inches in height and eight inches in width; that no railing or guard of any kind was placed on either side of said steps; that at said point where said steps were placed there is, and was, no street lamp, or other light, so as to reveal to passers-by the existence and loca-

tion of the said steps, but that at night it is, and was, very dark at said point, and that said steps are, and ever since they were put in, to wit, for more than one year prior to said 17th day of December, 1887, have been, very unsafe and dangerous to pedestrians passing on said walk at night; that the said defendants have had full knowledge of the said unsafe and dangerous condition of the said sidewalk ever since the said steps were placed thereon, to wit, for more than one year, and have negligently and carelessly allowed the same to remain in said condition until since the happening of the injuries hereinafter complained of, when the said defendant, The City of Indianapolis, has placed railings at the end of said step." Plaintiff further averred that on the night of December 17th, 1887, she was passing along said East street, going south, as she lawfully might, returning from market, without any knowledge whatever of the change in the grade of said sidewalk from its former level, and without any knowledge of the said steps, and the unsafe and dangerous condition of the said sidewalk at said point, and with due and proper care, and without fault or negligence on her part, but solely because of the defective and dangerous condition of said sidewalk, she stepped off and fell from the higher level thereof to the lower level thereof, and was thereby severely and permanently injured, wounded, and bruised on the body, face and head, and, also, injured internally. For these injuries she demands judgment for $2,000.

Both defendants join in the appeal, and separately assign errors, but the city of Indianapolis has filed no brief, and the errors assigned by it must be regarded as waived. As to said city the judgment is, therefore, affirmed. The railroad company, for the first time in this court, questions the sufficiency of the complaint by assignment of error, and we proceed to determine its sufficiency. Does the complaint disclose a cause of action against the railroad company?

The complaint seems to proceed upon the theory of negligence in leaving the sidewalk at the crossing in a defective condition. We can not concur with appellant's counsel that the negligence charged in the complaint is the building of the steps. The several averments of the complaint must be construed together. The facts of the raising of the track, the resulting embankment, the building of the steps, the absence of the railing and light and other protection, are stated in narrative form; then follows the charge of knowledge of the defect on the part of the defendants, and the whole statement is followed by the averment that said defendants have negligently and carelessly allowed the sidewalk to remain in such defective condition until the occurrence of the injury.

It is immaterial whether or not it was the duty of the railroad company to keep a light at the crossing. If we grant that this duty devolved upon the city and not upon the company, or that it did not devolve upon any one, it still remains true that when the company undertook to restore the walk, it did so with reference to the fact that the place was not lighted at night. As we take it the negligence charged is not the affirmative act of placing the steps there, but the failure to sufficiently restore the sidewalk, the placing of the steps being only a partial restoration.

By section 3903, R. S. 1881, railroad corporations are given the power to construct their tracks across or over roads or public highways, so as not to interfere with the free use of the same, in such manner as to afford security for life and property, but it is the duty of the corporation to restore the road or highway so intersected to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises.

When the railroad company was empowered and ordered by the city ordinance to raise its track to the level of the grade, it not only had the right, but it became its

duty to do so, but with the exercise of this privilege, and the discharge of this duty, it assumed an additional obligation to the public, and that was to restore the sidewalk to its former condition, so far as it was able to do so by the exercise of reasonable care and diligence, and failing to do this, it was guilty of maintaining a nuisance, and liable to any one who, by reason thereof, sustained an injury. *Evansville, etc., R. R. Co.* v. *Crist*, 116 Ind. 446.

In the case just cited it was said: "This statute prescribes a plain duty. Indeed, the duty existed independent of the statute, but the statute makes it all the more clear and positive. The right to interfere with the highway is coupled with the duty to make it as safe as it was before disturbed, or, at least, to use reasonable care and skill to do so. This duty is violated if there is a failure to restore it to its former condition, in all cases where the exercise of reasonable care and skill can effect a restoration."

The railroad company's obligation is of a two-fold character. In the first place, it is in duty bound to maintain a suitable crossing at the place where its road intersects the street, whether any change be made in the grade or not. In the second place, it owes the duty of restoring the street or sidewalk where it has used the same as a part of its right of way, and has, by such use, and by the direction of the city authorities, changed the grade of its track above or below that of the street or sidewalk which such track intersects, and in making such restoration it is required to do whatever is reasonably necessary to place the sidewalk in a reasonably safe condition for the public. These obligations include the further one, as an incident to the others, of maintaining the proper and necessary approaches to the crossing. While these duties are statutory, they also exist at common law. *Farley* v. *Chicago, etc., R. W. Co.*, 42 Ia. 234; *People, ex rel. Bloomington*, v. *Chicago, etc., R. R. Co.*, 2 Am. R. W. Rep. 66; *Gillett* v. *Western R. R. Corp.*, 8 Allen (Mass.), 560; *Titcomb* v. *Fitchburgh R. R.*

*Co.,* 12 Allen (Mass.), 254; *Burritt* v. *City of New Haven,* 42 Conn. 174.

It being the duty of the company to restore the sidewalk at the crossing, and to construct approaches if necessary, we think it was incumbent on it to place the walk at the crossing in a condition reasonably calculated to insure safety to persons passing over the track and upon the sidewalk at the crossing. We fully agree with the learned counsel of the appellant that it was not negligence in itself to erect the steps, but that it might be negligence under such circumstances to leave the steps without protection, we think can not be denied. The appellant company knew the condition of the surroundings, and was required to act with a view to the same. It knew of the presence of the abrupt descent from the higher to the lower level, and that the street was not lighted at that point. It was, therefore, incumbent upon it to make an approach that would be sufficient in contemplation of the surrounding circumstances, and if it failed to do so, it has incurred a liability. That it was also the duty of the city to furnish such protection, can not relieve the company. Whether the liability is joint or separate, we think enough is stated to make a case against the company. It is urged by counsel that the proximate cause of the injury was not the defective crossing, according to the averments of the complaint. If, by the word crossing, it is meant to designate only that portion of the space which is occupied by the company as a right of way, it may be true that no defect is shown to exist there. But it is not necessary that this should be so, for as we have seen, it was the defect in the sidewalk, or in the approach to the crossing, to which the injury is attributed. We may say, however, that the approaches are a part of the crossing, and it is the duty of the company to maintain these also, and in this sense it may be said the crossing itself was charged to be defective. We think that it sufficiently appears from the vari-

ous averments that the injury was attributable to the defective sidewalk at the crossing, and that the absence of a railing or suitable guard is given as one of the defective conditions.  The complaint was not assailed by demurrer, nor by motion to make more specific.  The verdict cures many defects in a complaint which might have been fatal to it upon demurrer, and we think the pleading is sufficient to withstand the attack made upon it here.

It is further contended by appellant's counsel, that the evidence fails to sustain the theory of the complaint.  If we are correct in our view of the theory upon which it proceeds, we think the evidence fully sustains the averments in all material respects.  It was shown that the grade was changed by the railroad company in raising the track several feet above the level of the sidewalk, on the south side of the track, in compliance with the city ordinance, leaving an embankment or sudden descent of that distance.  It does not appear from the evidence that the company placed the steps there, but it is not disputed that it maintained them without a proper guard or railing, or other suitable protection.

The position of appellant's counsel, that the charge of putting in the steps, as alleged in the complaint, is one of misfeasance, while the omission proved is one of nonfeasance, is, therefore, not tenable.

Nor can it be maintained that the railroad company is not liable under section 3903, R. S. 1881.  If it be conceded that it was the particular function and duty of the city authorities to regulate and fix the grade of its streets and sidewalks, and in this particular instance to bring the grade of such sidewalk up to the level of that established by it, and on a level with the railroad track, yet the failure of the city in this respect does not excuse the company from restoring the crossing and sidewalk, in so far as this was necessary for the safety of public travel over its track. When the company left the crossing at its track in a con-

dition that would make it hazardous for pedestrians to pass over, it was bound to take into consideration the fact that the sidewalk was in such condition, without assuming that the city authorities would do the remainder to make it safe. The general rule is, that when the injury is occasioned from defects in a crossing at a street, both the municipality and the railroad company will be liable in the first instance. 2 Dillon on Munic. Corp., sections 1027 and 1037; Pierce on Railroads, 249; *Schmidt* v. *Chicago, etc., R. R. Co.*, 83 Ill. 405; *Gillett* v. *Western R. R. Corp., supra.* Whether the company may recover over against the city, in case the latter is responsible as between the two corporations, we need not now decide.

The fact, then, that the city has full control over the streets and sidewalks will not exonerate the company, under the circumstances of this case, from making the passage reasonably safe from the track to the sidewalk.

The appellant also complains of certain instructions given by the court. The fourth instruction, which is one of those to which exceptions are taken, is in substantial accord with the views of the law heretofore expressed in this opinion. We have read all the instructions and think, when taken as a whole, they state the law correctly.

The court properly charged the jury that they must determine, from the circumstances of the case, whether it was negligence to raise the grade, put in the steps at the particular point of crossing, and leave them unprotected by guards or railing. This was the theory upon which the court tried the case and submitted it to the jury, and in this there was no error.

The evidence does not show the steps to be quite as high as was averred in the complaint. Counsel contend that this was a fatal variance. We do not so regard it. Even if the placing of the steps were the gravamen of the alleged negligence, it could not be maintained, with any degree of plausibility, that the proof must show them to

be of the exact size and dimensions specified in the complaint.

It is further urged that the uncontradicted evidence showed the appellee to have been guilty of contributory negligence. This contention is based upon the ground that the appellee stated in her testimony, in answer to a question, that, as she walked along the crossing, she did not look where she was putting her feet.

We do not regard this statement as conclusive evidence of negligence on her part. We think the question was properly left to the jury.

The final contention of counsel for appellant is that the damages are excessive. The evidence showed that the appellee made her living by doing work as a domestic, but we can not agree with counsel that the sole basis of her recovery should be the amount of wages she was able to earn. In addition to these she was entitled to recover for medical and surgical treatment and for her physical and mental pain and suffering.

In view of all the facts and circumstances, we do not think $1,250 appears outrageous at first blush.

Judgment affirmed.

It appearing that the appellee has died since the submission of this appeal, it is ordered that the judgment of affirmance be entered as of the date of submission.

Filed March 29, 1893.