EVANSVILLE & TERRE HAUTE RAILROAD COMPANY *v.* STATE, EX REL. TOWN OF FORT BRANCH.

[No. 18,137.   Filed January 13, 1898.]

HIGHWAYS.—*Streets.—Railroads.—Street and Railroad Crossings.— Municipal Corporations.*—A railroad company is required by statute to construct crossings over its tracks where the same crosses the streets of an incorporated town, and the failure of a town to enact an ordinance requiring a railroad company to construct such crossing will not relieve the company of such duty. *pp. 277, 278.*

SAME.—*Street and Railroad Crossings.—Municipal Corporations.*— The duty of a railroad company to construct street crossings over its tracks is the same whether the street or highway was opened before or after the railroad was built. *p. 278.*

SAME.—*Railroads.—Street Crossings.— Complaint to Require Construction of Crossing.—Municipal Corporations.*—A complaint against a railroad company by an incorporated town to require it to construct street crossings across its tracks which alleges the refusal of such company to construct the crossings, need not allege a demand upon the part of the town. *p. 278.*

SAME.—*Railroads.—Street and Railroad Crossings.— Complaint to Require Construction of Crossing. — Municipal Corporations.*— Where a complaint in an action against a railroad company to require it to construct street crossings over its tracks alleged that such company built, operated, and maintained its tracks, sidetracks, and switches along and across such streets, it was not necessary for the

proof or findings of the court to show that the streets were public highways and that the railroad was built across them, as it is immaterial whether the streets became such before or after the railroad was built.  *pp. 279, 280*

DEDICATION.—*Street and Railroad Crossings.—Easements.—Municipal Corporations.*—Where by platted additions to a town, streets are dedicated to the public which cross a railroad track, and the railroad company constructed crossings over its track, and such streets and crossings were used by the public for general use as a public highway for six or seven years, the public acquired such rights therein as could not be devested by the railroad company tearing up the approach and crossings.  *pp. 280-282.*

APPEAL AND ERROR.—*Special Finding.—Exception.*—Where an exception is made jointly to two or more conclusions of law, if either one is good the exception must fail.  *p. 283.*

From the Gibson Circuit Court.  *Affirmed.*

*John E. Iglehart, Edwin Taylor* and *John H. Miller,* for appellant.

*W. W. Medcalf* and *W. E. Stilwell,* for appellee.

MONKS, J.—This was an action by appellee to compel appellant, by writ of mandamus, to construct a suitable and safe crossing over its tracks at the crossing of two streets in the town of Fort Branch.  Appellant appeared, and filed a general denial to the complaint for the alternative writ.  No alternative writ was issued.  The court, at request of appellant, made a special finding of the facts, and stated conclusions of law thereon, and, over a motion in arrest of judgment and a motion by appellant for judgment in its favor, rendered judgment in favor of the appellee, and ordered a peremptory writ of mandate as to one of said streets.

The errors assigned call in question the sufficiency of the complaint, and the action of the court in overruling appellant's motion for a judgment in its favor.

The first objection urged to the complaint is that it required the court to perform a legislative act, and enact an ordinance in behalf of appellee.  It is not

alleged that the relator ever adopted any ordinance in regard to said crossings. In such case, the rights of the relator are the same as those of a township trustee in regard to highways. The relator had the right to enact an ordinance for the improvement of its streets, and fix the grade of the same; but the failure to do so did not relieve appellant of its duty to properly construct the crossings over its tracks where the same crossed the streets of said town. *Indianapolis, etc., R. R. Co.* v. *State, ex rel.,* 37 Ind. 489, 502, 504. This duty is imposed by statute in this State and also exists independent of any statute. Fifth clause of section 5153, Burns' R. S. 1894 (3903, R. S. 1881); 3 Elliott on Railroads, section 1092, 1102, and cases cited; *Indianapolis, etc., R. R. Co.* v. *State, ex rel., supra; Louisville, etc., R. R. Co.* v. *Smith,* 91 Ind. 119; *Evansville, etc., R. R. Co.* v. *Carvener,* 113 Ind. 51; *Cummins, Tr.,* v. *Evansville, etc., R. R. Co.,* 115 Ind. 417; *Lake Shore, etc., R. W. Co.* v.·*McIntosh,* 140 Ind. 261; *Lake Erie, etc., R. R. Co.* v. *Cluggish,* 143 Ind. 347, 351; *Cincinnati, etc., R. R. Co.* v. *Claire,* 6 Ind. App. 390, 394; *Egbert* v. *Lake Shore, etc., R. W. Co.,* 6 Ind. App. 350; 4 Am. & Eng. Ency of Law, 907, 908. This duty of railroad companies is the same whether the highway was laid out and opened before or after the railroad was built. *Louisville, etc., R. R. Co.* v. *Smith, supra; Lake Erie, etc., R. R. Co* v. *Cluggish, supra; Egbert* v. *Lake Shore, etc., R. W. Co., supra,* p. 353.

The next objection is that the complaint fails to allege a demand on the part of the relator that appellant construct said crossings. The refusal of appellant to construct said crossings is alleged in the complaint, and, even if the demand was necessary, as insisted by appellant, which we do not decide, the same was unnecessary after such refusal. In *State, ex rel.,* v: *Board, etc.,* 45 Ind. 501, the court, on p. 503, said:

"In order to lay the foundation for issuing the writ, there must have been a refusal to do that which it is the object of the writ to enforce, either in direct terms, or by circumstances distinctly showing an intention in the party not to do the act." The same doctrine is declared in *Lake Erie, etc., R. R. Co.* v. *State, ex rel.,* 139 Ind. 158, p. 160. It is clear that the objections urged to the complaint are not tenable.

It is insisted by appellant that the court erred in overruling its motion for a judgment in its favor on the facts found, because it is alleged in the complaint that appellant's road was constructed over the streets named, and the facts found are that when said road was constructed, said streets were not laid out, platted, or used as streets, and that, for all that appears, said railroad was constructed before the town of Fort Branch was known.

It is alleged in the amended complaint, in substance, that appellant built, operated, and maintained its tracks, sidetracks, and switches along and across the streets known as "Walnut street" and "Williams street." Under such allegations, it was sufficient to prove that said appellant either built or operated and maintained its tracks across said streets, or either of them. It was not necessary to prove, or for the court to find, that said streets, or either of them, were public highways, and that said railroad track was built on and across the same.

It is not material whether said streets, or either of them, became such before or after the railroad was built. Neither is it material how the same became streets, whether by dedication or otherwise, or whether before or after the town of Fort Branch was incorporated. If said streets, or either of them, or any part thereof, were dedicated to the public use before the town of Fort Branch was known, or before it was

incorporated, no change in the form of government or its territorial boundaries would defeat such dedication. Elliott on Roads and Streets, 88.

It is next insisted by appellant that the motion for a judgment in its favor should have been sustained, because the special finding does not show any public highway across its right of way at the points alleged in the complaint, either by dedication or otherwise. The part of the finding concerning said streets is as follows: "Prior to the year of 1890, the lands on the east and west side of said railway, and adjacent thereto and extending several blocks east and west, were platted and laid off into town lots, as a part of said town, and both Walnut and Williams streets were designated by the owners of the land as streets of said town, of the width of forty feet, and by said plats shown to extend east from the east line of appellant's right of way, and west from the west line of appellant's right of way. That about the years 1881 or 1882, the supervisor of highways, acting under instructions from the township trustee, graded Walnut street to the east side of the railroad track, and built an approach over a ditch to said track, and about the same time the railroad company graded and planked their three tracks at said crossing, and the work then done made a safe and convenient crossing for horses, vehicles, and footmen along Walnut street; and across appellant's tracks. Said crossing was kept in repair and used by the public as a public highway for a period of six or seven years. That said use of Walnut street and crossing of appellant's tracks was extensive, being used by farmers in hauling wheat to an elevator situated on appellant's tracks immediately south of said crossing, and others, both on foot and in vehicles. That said use was with the consent of appellant, and continued for such a length of time that

public accommodation and private rights might be materially affected by an interruption of the right so to use such street and crossing.   That in the year 1888 appellant tore up and took away the approach built by the supervisor, took out the planking between the tracks, and built another switch across said street, and since that time said crossing has not been used by the public and is not safe or convenient to use as a crossing."

The intent of the owner to devote his land to a public use is an essential element of dedication, and without it there can be no valid dedication.   *Bidinger* v. *Bishop,* 76 Ind. 244.   Such intention may be implied from the declarations, acts, or conduct of the landowner.   When the acts and conduct of the landowner are such as fairly and naturally lead to the conclusion that he intended to dedicate the land to the public use, and others have in good faith acted upon such acts and conduct, the fact that the landowner may have had a different intention from the one manifested is of no consequence.   Such secret intention cannot prevail against his conduct and acts, upon which the public have relied.   *Pittsburg, etc., R. W. Co.* v. *Noftsger,* 148 Ind. 101; *Lake Erie, etc., R. R. Co. v. Town of Boswell,* 137 Ind. 336, 343; *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200, 213-215; *Faust* v. *City of Huntington,* 91 Ind. 493, 496; Elliott, Roads and Streets, 92, 96.

An implied dedication arises by operation of law from the acts of the owner.   *Town of Marion* v. *Skillman,* 127 Ind. 130, 136.   When such dedication is accepted by the public it becomes irrevocable.   *City of Indianapolis* v. *Kingsbury, supra,* p. 213; *Faust* v. *City of Huntington, supra,* p. 494; Washburn's Easements, section 21, p. 139; Elliott, Roads and Streets, 119.

The intention of appellant to dedicate to the public use a strip across its right of way, as a continuation of Walnut street, is clearly and unequivocally manifested by its conduct in grading and planking its three tracks at said crossing, thus, with the work done by the road supervisor, making a safe and convenient crossing over said tracks for public travel, and by consenting to said strip being used and worked as a public highway for a period of six or seven years; and the public, by grading Walnut street to the east side of the track, and building an approach to said track over a ditch, and keeping said crossing in repair, and using the same as a public highway for said period, accepted said dedication. The public, by building said approach and keeping said strip in repair as a part of Walnut street, as a public highway, for the period of six years, acquired such rights as could not be devested by the act of appellant in tearing up said planking in 1888. Washburn on Easements, section 19, p. 139; *Town of Marion* v. *Skillman, supra,* p. 136; *City of Indianapolis* v. *Kingsbury, supra,* 213-215; *Faust v. City of Huntington, supra.*

If dedication may be regarded as an ultimate fact, yet, as the facts found admit of but one conclusion, that of dedication by appellant, the finding of such ultimate fact was unnecessary.

This court, however, in *City of Indianapolis* v. *Kingsbury, supra,* 222, speaking of a finding of dedication, said: "Much stress is placed upon a statement contained in one of the specifications of the special finding that the street south of Market street was never dedicated to the public. But this is a mere conclusion of law improperly blended with matters of fact, and cannot govern the facts. Courts always act upon facts found and never upon mere conclusions of law wrongly cast into a special finding."

It follows that the court did not err in overruling said motion. What we have already said disposes of the exceptions to the conclusions of law. Besides the court stated two conclusions of law, the first, as to Williams street, in favor of appellant; the second, as to Walnut street, in favor of appellee. Appellant excepted to them jointly, and not severally, and it is well settled that, if either one is good, the exception must fail. *Royse* v. *Bourne, ante,* 187; *Clause Printing Press Co.* v. *Chicago, etc., Bank,* 145 Ind. 682, 688, 689; *Saunders* v. *Montgomery,* 143 Ind. 185.

No objection is pointed out to the first conclusion, and we think it is correct. The first conclusion being correct, under the rule stated, appellant's exceptions to both conclusions must fail.

Judgment affirmed.