Chicago, etc., R. Co. v. State, ex rel.

## THE CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY v. THE STATE, EX REL. ZIMMERMAN, TRUSTEE.

[No. 19,688.   Filed March 14, 1902.]

RAILROADS.—*Highway Crossings.*—A railroad company is authorized by §5153 Burns 1901 to construct its road across a highway only on condition that it restore the highway "to its former state" or place it in such condition "as not to unnecessarily impair its usefulness" and "so as not to interfere with the free use of the same," and "in such manner as to afford security for life and property."   *pp. 191, 192.*

SAME.—*Highway Crossings.*—The duty of restoring and maintaining the free and safe use of highways where they are crossed by railroads includes whatever is necessary to accomplish that object which is rendered necessary by reason of the construction of the railroad; if it cannot be done by a grade crossing, the company must carry its tracks either over or under the highway, or the highway over or under its tracks.   *pp. 192, 193.*

SAME.—*Highway Crossings.—Mandamus.*—Where a railroad company constructs and maintains a highway crossing in such manner as unnecessarily to impair the usefulness of the highway, either by interfering with its free use, or not affording security for the life or property of those using the same, mandamus will lie to compel the company to perform its duty as set forth in the statute.   *pp. 193, 194.*

APPEAL AND ERROR.—*Joint Assignment of Error.—Conclusions of Law.*—Where the assignment of errors assails all of the conclusions of law jointly and one of them is correct, the correctness or incorrectness of the others is not presented for decision.   *p. 195.*

From Montgomery Circuit Court; *Jere West*, Judge.

Suit by State on the relation of John M. Zimmerman against the Chicago, Indianapolis and Louisville Railway Company to compel defendant by writ of mandamus to construct a highway crossing.   From a judgment in favor of relator, defendant appeals.   *Affirmed.*

*E. C. Field* and *W. S. Kinnan*, for appellant.

MONKS, J.—This proceeding was brought by appellee to compel appellant, by writ of mandamus, to construct a high-

way crossing at the intersection of a highway with appellant's railroad in Clark township, Montgomery county, Indiana. The case was tried by the court and a special finding of facts made, and conclusions of law stated thereon in favor of appellee, and a peremptory writ ordered requiring appellant to construct the crossing under the railroad. The errors assigned and not waived call in question all the conclusions of law jointly, and the action of the court in overruling appellant's motion for a new trial.

It appears from the special findings: That said highway runs east and west on a section line; that it was located on good, solid, and moderately level ground, and was maintained thirty feet wide; that before the construction of appellant's railroad across said highway, the highway was clear and unobstructed; that a stream known as Haw creek crossed said railroad 150 feet south of said crossing, and crossed said highway 215 feet west of said crossing; that said highway, before the construction of appellant's railroad, was above the high water mark of said creek. Said appellant constructed an embankment across said highway, and laid its track thereon. Appellant carried said highway over said railroad at grade by constructing approaches of earth on each side of said embankment. Said approaches were so constructed that they were only ten feet wide at the surface, and have a grade from the commencement thereof to the crossing of fourteen feet to each 100 feet. That it is impossible for a traveler on one side of said embankment to see a traveler on the other side, or an approaching train, until near the top of the embankment. The banks on each side of said approaches are precipitous and steep, and the grade from the highway level to the top of the embankment so steep that a team can not pull an ordinary load over the same; and in the winter season when there is ice on the ground, it is almost impossible for animals to stand up on said approaches. That said approaches are so narrow that the vehicles commonly used in that locality can not pass

thereon. Said railroad was not so constructed at said crossing as not to interfere with the free use of said highway, nor so as to afford security for life and property; and the same was not restored to its former state, or constructed in' such manner as not to impair unnecessarily the usefulness thereof. That said crossing as' constructed by the railroad company has interfered with the usefulness of said highway, and made the use of the same at that crossing dangerous to life and property, and caused the people living along said highway to avoid its use when it was possible to do so.

The fifth clause of §5153 Burns 1901, §3903 R. S. 1881 and Horner 1901, authorizes a railroad company to construct its road upon or across a highway so as not to interfere with the free use of the same, in such manner as to afford security for life and property, and requires such company to restore the "highway thus intersected to its former state, or in a sufficient manner not to unnecessarily impair its usefulness." It is settled under said section that, when a railroad intersects a public highway, it is the duty of the railroad company to construct the crossing over its road, and to keep the same in safe and good condition. *Straub* v. *Terre Haute, etc., R. Co.,* 135 Ind. 458; *Evansville, etc., R. Co.* v. *State,* 149 Ind. 276, 278, and cases cited; *Indianapolis, etc., R. Co.* v. *State, ex rel.,* 37 Ind. 489, 502, 504; *Cincinnati, etc., R. Co.* v. *Claire,* 6 Ind. App. 390, 393-397; Elliotts' Roads and Streets (2nd ed.), §§778-780; 8 Am. & Eng. Ency. of Law (2nd ed.), 360-374. It is also settled that the performance of this duty may be compelled by mandamus. *Evansville, etc., R. Co.* v. *State, ex rel.,* 149 Ind. 276; *Cummins* v. *Evansville, etc., R. Co.,* 115 Ind. 417, 419; 8 Am. & Eng. Ency. of Law (2nd ed.), 365, 370, 374; 19 Am. & Eng. Ency. of Law (2nd ed.), 873, 874; Elliott on Railroads, §§1106, 1111.

It will be observed that a railroad company is authorized to construct its road across a highway only on condition that it restore the highway "to its former state," or place it

in such condition "as not to unnecessarily impair its useful-
ness;" and that it construct its road across said highway
"so as not to interfere with the free use of the same," and
"in such manner as to afford security for life and property."
*Lake Erie, etc., R. Co.* v. *Cluggish,* 143 Ind. 347, 350, 351;
*Louisville, etc., R. Co.* v. *Pritchard,* 131 Ind. 564, 565,
566; *Evansville, etc., R. Co.* v. *Crist,* 116 Ind. 446, 454-
457, 2 L. R. A. 450, 9 Am. St. 865; *Evansville, etc., R. Co.*
v. *Carvener,* 113 Ind. 51; *Louisville, etc., R. Co.* v. *Smith,*
91 Ind. 119, 121; *Seybold* v. *Terre Haute, etc., R. Co.,* 18
Ind. App. 367, 378-380; *Cincinnati, etc., R. Co.* v. *Claire,*
6 Ind. App. 390, 393-397; Elliott on Railroads, §§1105-
1112.

It was said by this court in *Evansville, etc., R. Co.* v.
*Crist,* 116 Ind. 446, on page 454: "The statute prescribes
a plain duty. Indeed, the duty existed independent of the
statute, but the statute makes it all the more clear and posi-
tive. The right to interfere with a highway is coupled with
the duty to make it as safe as it was before it was disturbed,
or, at least, to use reasonable care and skill to do so. This
duty is violated if there is a failure to restore it to its for-
mer condition, in all cases where the exercise of reasonable
care and skill can effect a restoration." It may be that a
highway can not, in all cases, be restored to its former state;
but in such cases the railroad company is bound to place the
same in such condition as not to impair its usefulness more
than the additional use for a railroad crossing renders abso-
lutely necessary. Elliott, Roads and Streets (2nd ed.),
§§778-780; Elliott on Railroads, §§1105, 1107; 19 Am. &
Eng. Ency. of Law (2nd ed.), 874.

It being the duty of a railroad under the statute at all
times and under all circumstances to keep the highways,
where they are crossed by the railroad, in such condition
and state of repair as not to impair their usefulness, nor
interfere with their free use, and so as to afford security
for life and property, if this can not be done by a grade

crossing, the company must do it by carrying its tracks either over or under the highway, or the highway over or under its tracks.    The duty of restoring and maintaining the free and safe use of the highway includes whatever is necessary to accomplish that object, which is rendered necessary by reason of the construction of the railroad.    Elliott on Railroads, §1107; Elliott, Roads and Streets, §§778-780; *State, ex rel.,* v. *St. Paul, etc., R. Co.,* 35 Minn. 131, 136, 28 N. W. 3, 59 Am. Rep. 313, and cases cited; *State, ex rel.,* v. *Minneapolis, etc., R. Co.,* 39 Minn. 219, 223, 224, 39 N. W. 153; *State, ex rel.,* v. *St. Paul, etc., R. Co.,* 38 Minn. 246, 36 N. W. 870; *People, ex rel.,* v. *Dutchess, etc., R. Co.,* 58 N. Y. 152; *State, ex rel.,* v. *Lake Erie, etc., R. Co.,* 83 Fed. 284; *People, ex rel.,* v. *Union Pacific R. Co.,* 20 Col. 186, 189-195.

It was said in Elliott on Railroads, §1107: "It is impossible to lay down any rule defining just what kind of structures shall be used in any particular case.    Each particular crossing presents different conditions, but the general rule governing all is the same, and that rule is that the company must erect whatever structures are reasonably necessary to the safety and convenience of the travelers using the crossing."

Appellant insists that the provision in the statute requiring the company to restore the highway to its former state, "in a sufficient manner not to unnecessarily impair its usefulness," gives such company "the right to use a discretion in such matter, which can not be controlled by the courts; that, the company having such discretion, the court can not, by a writ of mandamus, require the company to restore the highway at a particular point or in a particular manner."    When the company constructs and maintains a highway crossing as required by statute, mandamus will not lie to compel it to construct the crossing in a different manner; but when the crossing is constructed in such way

as unnecessarily to impair the usefulness of the highway, either by interfering with its free use, or not affording security for the life or property of those using the same, then mandamus will lie to compel the company to perform its duty as set forth in the statute. The special finding shows that appellant did not restore said highway to its former state at said crossing, or put it in such condition as not unnecessarily to impair its usefulness, but so constructed it as to render the same dangerous to life and property, and so as to interfere with its free use. The relator, representing the public, did not approve the plan adopted and carried out by appellant in the construction of said crossing. On account of this disagreement the relator brought this action to compel the appellant to construct the same according to the requirements of the statute.

Neither of the parties can determine the matters in dispute. Such questions, when there is a disagreement, are for the courts to decide. *People, ex rel., v. Dutchess, etc., R. Co.,* 58 N. Y. 152, 162-163.

If a peremptory writ were issued, commanding generally a restoration of such crossing to its original state, or so as not unnecessarily to interfere with the usefulness of the highway, appellant would again be left to its own plans of doing the work; and it might be found, after the work was done, that the requirements of the statute had, for a second time, not been complied with. In such a case the court should direct particularly what should be done in the construction of the crossing, so as not to impair its usefulness. 19 Am. & Eng. Ency. of Law (2nd ed.), 874; Elliott on Railroads, §1106; *People, ex rel., v. Dutchess, etc., R. Co.,* 58 N. Y. 152, 162, 163; *People v. New York, etc., R. Co.,* 74 N. Y. 302; *People v. Northern, etc., R. Co.,* 164 N. Y. 289, 58 N. E. 138; *Allen v. Buffalo, etc., R. Co.,* 151 N. Y. 434, 45 N. E. 845; *State, ex rel., v. Minneapolis, etc., R. Co.,* 39 Minn. 219, 223, 224, 39 N. W. 153; *State v. Minnesota, etc., R. Co.,* 80 Minn. 108, 114, 115, 83 N. W. 32, 50 L. R.

A. 656; *State* v. *St. Paul, etc., R. Co.,* 75 Minn. 473, 78 N. W. 87; *State, ex rel.,* v. *St. Paul, etc., R. Co.,* 35 Minn. 131, 28 N. W. 3, 59 Am. Rep. 313; *State, ex rel.,* v. *St. Paul, etc., R. Co.,* 38 Minn. 246, 36 N. W. 870.

It is said on this subject in Elliott on Railroads, §1106, that, "The railroad company, however, has no discretion as to whether it will or will not restore the highway, and if it 'elects a manner that is not effectual, and the act remains substantially undone,' it is still 'under liability to do it.' The discretion is a ministerial one, and 'the act of restoration must be done.' If the company has adopted an ineffectual mode, 'the court will and should point out to it in what it has failed, and direct it particularly what it must do so as not to fail again'." *State* v. *Minneapolis, etc., R. Co.,* 39 Minn. 219; *People, ex rel.,* v. *Dutchess, etc., R. Co.,* 58 N. Y. 152, approved in *City of Moundsville* v. *Ohio River R. Co.,* 37 W. Va. 92, 16 S. E. 514, 20 L. R. A. 161, 165, 166.

It is evident that, upon the facts found, the relator was entitled to a judgment for costs and a peremptory writ against appellant in some form; but whether in the particular form stated in the conclusions of law is not presented by the record in this case, for the reason that the assignment of errors assails all the five conclusions of law jointly, and, at least one of them being correct, the correctness or incorrectness of the others is not presented for decision. *Jones* v. *Mayne,* 154 Ind. 400, 402.

After a careful examination of the evidence we can not say that the same does not sustain the findings which are necessary to appellee's recovery in this case, or that such findings, or any of them, are contrary to law. *Rownd* v. *State,* 152 Ind. 39, 44, 46; *American Varnish Co.* v. *Reed,* 154 Ind. 88, 90, 91.

Finding no available error in the record, the judgment is affirmed.