## LYNAM *v.* KING.

Under the statute of 1843, R. S. c. 42, art. 1, a lien may be held for work done or materials furnished on a new building erected by a tenant on land of another.

The latter clause of the second section of that article simply means that the tenant of a building shall not subject it to a lien for repairs, but that unless the contract for repairs be made with the owner, the statute does not apply.

An averment in an answer that the plaintiff falsely and fraudulently represented a mechanic's lien to be valid, is bad on demurrer.

APPEAL from the *Tipton* Court of Common Pleas.

GOOKINS, J.—This was an action by the appellant against the appellee upon a promissory note. The answer of the defendant contained five paragraphs. The plaintiff replied to the first, and demurred to the second, third, fourth, and fifth. The demurrers were overruled, and he excepted. There was a trial by jury, verdict and judgment for the defendant.

The second paragraph of the answer alleges a failure of consideration of the note, in this; that it was given for an alleged mechanic's lien, which the plaintiff pretended he held on a building he had erected for one *Kuster*, on a tract of land which is described, a notice of which lien was duly recorded, which recorded notice, the defendant averred, had

not been transferred to him upon the record by the plaintiff, the original notice, only, having been transferred and delivered by the plaintiff to the defendant at the time of the execution of the note; that confiding in the plaintiff's representation that he held such lien, he executed the note in question; that the plaintiff had no lien on said building, in this, to-wit, that *Kuster*, for whom the plaintiff erected the building, was, at the time, a mere tenant of the premises, holding under one *Samuel King*.

The third paragraph differs from the second only in this, that it is averred that the plaintiff falsely and fraudulently represented that he held such lien, when in truth he well knew he held no valid lien, because *Kuster*, for whom the house was built, was only a tenant, the fee being in *King*.

The fourth paragraph is like the third, except that it avers that notice of the lien was not recorded within the time fixed by the statute.

The fifth avers that the note was given for an account which the plaintiff had on *Kuster;* that it was worthless, by reason of *Kuster's* insolvency; that the plaintiff represented that it was collectable, being secured by a mechanic's lien; that the lien was not valid, because, 1. It was not recorded within the time required by law; 2. *Kuster* was tenant to *King;* and 3. The defendant cannot recover as assignee of said account, in his own name.

To this paragraph the notice of the lien is appended as an exhibit. It sets forth particularly the work done by the plaintiff, and the value of it; describes the land on which the building was erected; states that the work was finished on the 21st day of *February*, 1853, and appears to have been recorded within sixty days from that time. It is indorsed as follows: "I, *John F. Lynam*, assign and transfer all my right, title, claim, and demand of the within services performed by me, to *David King*, without any recourse, either in law or equity, back on me."

We think the Court of Common Pleas was in error in supposing that these paragraphs presented a defense to the plaintiff's action. The lien in question was governed by the statute of 1843, p. 776. The second section is as fol-

lows: "The provisions of this article shall only extend to work done or materials furnished on new buildings, or to a contract entered into with the owner of any building, for repairs, and not to any contract made with the tenant." The evident meaning is, that the tenant of a building cannot subject it to a lien for repairs, but as to them, the contract must be made with the owner. That part of the section after the disjunctive "or" refers to repairs; the former part to new buildings, which may as well be erected on land held for a term of years, as upon freehold estates. See *Littlejohn* v. *Millirons*, 7 Ind. R. 125. This view is confirmed by the twelfth section, which provides that the building, with the interest of the employe in the land, shall be sold.

The alleged false representations seem to have been made of matters of law, and not of fact. It is not averred that any such were made in reference to the nature of *Kuster's* title, nor that the defendant was deceived concerning it. It is said the plaintiff represented that he had a valid lien. That was matter of opinion of which the defendant was as much bound to judge as the plaintiff; and moreover, so far as appears, it was valid.

The averments that the claim was not assigned upon the record, that the notice was not recorded in time, and that the defendant could not sue upon the demand in his own name, amount to nothing. He got all he contracted for. An assignment of the claim upon the record would have given it no additional validity, and the recorder had no right to permit the records to be defaced by writing upon them. The notice was recorded in time; and if it had not been, the records were open to the defendant's inspection, and no artifice is alleged to have been used to prevent an examination of them. A chose in action might, at common law, be assigned, and the assignee might maintain a bill in chancery to reduce it to possession, or he might use the assignor's name to recover it at law, even without his consent, by indemnifying him against costs.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded with instructions to the Court of Com-

May Term, 1857.

LYNAM v. KING.

May Term,
1857.

mon Pleas to sustain the demurrer to the second, third, fourth, and fifth paragraphs of the answer, and for further proceedings not inconsistent with this opinion.

*J. Green*, for the appellant.

*W. Garver* and *J. A. Lewis*, for the appellee.