WILKERSON ET AL. *v.* RUST.

PLEADING.—*Practice.*—*Demurrer for Misjoinder of Causes of Action.*—*Supreme Court.*—No judgment can be reversed for error committed in either sustaining or overruling a demurrer for misjoinder of causes of action.

SAME.—*Action Against Several Parties.*—*Sufficient as to One.*—*Joint Demurrer by All.*—If a complaint against two or more defendants state facts constituting a good cause of action against any one of them, a joint demurrer by all, for want of sufficient facts, should be overruled.

Wilkerson *et al. v.* Rust.

SAME.—*Erroneous Judgment.*—*How Objected to.*—Where, by the complaint, the plaintiff is entitled to some kind of relief or judgment against a defendant, but the court renders a judgment different from, or beyond, that authorized by the complaint, the defendant may avail himself of the error, by objecting and excepting to the judgment as rendered.

MECHANICS' LIENS.—*Repairs.*—*New Building.*—*Action to Enforce.*—*Contract.* — *Mechanic Employed by Tenant.*—*Liability of Landlord.*—*Notice of Lien.*— In an action by a mechanic, against the owner of certain separate tracts of real estate and his tenant, to recover for the value of labor performed by the plaintiff, in repairing one, and in erecting another, building on such realty, and to enforce a mechanic's lien, the complaint alleged that the defendants were "indebted to him" for the value of such labor; that it had been performed at the request of the tenant; that the landlord "was aware of and consented to" the making of such improvements; that the same were made while the premises were occupied, "free of rent," by the tenant, who was then and there engaged in his individual business; that the tenant, "with the knowledge, consent and assistance of" the landlord, was making improvements on such premises; that plaintiff's labor had been performed as a necessary part thereof; and that the plaintiff had filed for record a notice of his intention to hold a lien on the whole of such realty, for the entire value of such labor.

*Held,* on joint demurrer, that though the cause of action stated in the complaint is only sufficient to authorize a personal judgment against the tenant, the demurrer should be overruled.

*Held,* also, on separate demurrer by the owner, that, on the facts stated in the complaint, he is not personally liable.

*Held,* also, that, on the facts stated, a mechanic's lien against such realty can not be enforced.

*Held,* also, that the notice of such intended lien is insufficient.

*Held,* also, that, by section 648, (2 R. S. 1876, p. 267,) concerning mechanics' liens, a mechanic's lien can not be acquired, as against the owner of real estate, for repairs made by the mechanic, on a contract with the tenant.

*Held,* also, that a lien for the total value of such repairs and the labor on such new building can not be enforced against such buildings, either separately or jointly.

WITNESS.—*Impeachment of.*—*Statements out of Court.*—*Evidence.*—On the trial of an action to recover for services alleged to have been performed by the plaintiff, for and at the request of the defendant, where the defence is, that such services had been performed for, and on the credit of, the defendant's contractor, to which the latter has testified on behalf of the defendant, the plaintiff may then, after laying the proper ground, impeach such witness, by giving evidence of statements made by him, that the plaintiff had been hired by, and on the credit of, the defendant.

From the Jennings Circuit Court.

*A. G. Smith,* for appellants.

*D. Overmyer,* for appellee.

WORDEN, J.—Complaint by the appellee against the appellants, as follows:

"George S. Rust complains of John C. Wilkerson and Thomas Wilkerson, and says, that said defendants are indebted to him in the sum of two hundred and fifty dollars, in manner and form as follows, to wit: that said defendant John C. Wilkerson engaged and employed this plaintiff on the — day of ——, 1874, to do a certain job of plastering for him, upon a certain building, situate on lots numbered two hundred and thirty, two hundred and thirty-one and two hundred thirty-two, in block T, in the town of North Vernon, in said county; that plaintiff did said work, under the direction of said Wilkerson, who assumed control and ownership of said real estate; and the plaintiff designates the particulars of his work, as follows:" (here follow the particulars of the work.)

"And plaintiff further avers, that said Thomas Wilkerson, defendant, was, at the time of said work, and is now, the owner of said real estate, and that he was aware of, and consented to, said improvements then and there being made; and that said defendant John C. Wilkerson, who is a son of said defendant Thomas Wilkerson, was, at the time, in the possession of said real estate, carrying on business thereon in his own name and person, and with the consent, knowledge and assistance of his said father, Thomas Wilkerson, was then and there having extensive improvements made upon said real estate, in the way of repairing the building and putting up new and additional apartments and rooms, and buildings; and plaintiff's work was done, as aforesaid, as a necessary part of said improvements, and these improvements were being made for the accommodation of said John C. Wilkerson, who was then enjoying, and expected to enjoy, the use and occupation of said real estate, free of rent, and do business therein in his own name, and enjoy for himself the

added reputation which the establishment would have by reason of said improvements; and plaintiff says, that on the 31st day of July, 1875, he caused to be recorded in the recorder's office of said Jennings county, a certain notice, in the words and figures following, to wit:" (here follows a notice of mechanic's lien, not necessary to be here copied.) "And the plaintiff says, that he caused said notice to be recorded as aforesaid within sixty days of the time of the completion of his said work; that said sum remains due and unpaid. Wherefore," etc.

Judgment is demanded for the sum claimed to be due, and for the foreclosure of the lien.

The defendants filed a joint demurrer to the complaint, assigning for cause that it did not state facts sufficient, and that several causes of action had been improperly united. The defendant Thomas Wilkerson also filed his separate demurrer, assigning the same causes. These demurrers were respectively overruled, and the defendants excepted.

The defendants answered, and issues were formed, and the cause was tried by a jury, resulting in a verdict for the plaintiff in the sum of eighty-two dollars and seventy cents, and in his favor as to the mechanic's lien.

A motion for a new trial having been overruled, the plaintiff waived the foreclosure of the mechanic's lien, and took a joint personal judgment against the defendants for the amount found due.

The errors assigned bring in review the rulings on the demurrers, and in overruling the motion for a new trial.

No judgment can be reversed for an error committed in either sustaining or overruling a demurrer for misjoinder of causes of action. 2 R. S. 1876, p. 59, sec. 52. We therefore need only consider the other cause of demurrer, the want of sufficient facts. And we may further observe, that, if facts were stated sufficient to constitute a cause of action against either of the defendants, the joint demurrer was properly overruled.

The complaint, as against John C. Wilkerson, it seems to us, was clearly good. It alleges that John C. was indebted to the plaintiff for the plastering, the particulars of which are specified; that John C. engaged and employed the plaintiff to do the work, which was done under his direction, and that the sum demanded remained due and unpaid. There was clearly a good cause of action stated againt John C., on which a personal judgment could be rendered against him; and, therefore, the joint demurrer was correctly overruled, whether on the facts stated the plaintiff was entitled to a lien or not.

Objection is made to the sufficiency of the notice of intention to hold the lien, but we need not now consider that objection, inasmuch as there was a good cause of action stated against John C., though there may not have been sufficient stated to give the plaintiff a lien. The court committed no error in overruling the joint demurrer for want of sufficient facts.

We come to the separate demurrer of Thomas Wilkerson. And it may be observed, that, if facts enough are alleged to show that Thomas was jointly indebted to the plaintiff for the work, or if, on the facts, the plaintiff was entitled to a lien on the property as against said Thomas, he was a proper party to the action, which sought the enforcement of the supposed lien as well as a personal judgment, and his demurrer was correctly overruled. There was in the case, as has been stated, a personal judgment against the defendant Thomas as well as John C.; but if the complaint did not state facts sufficient to authorize the personal judgment, conceding that it stated sufficient to establish the lien as against him, the demurrer was, nevertheless, correctly overruled. If a complaint state facts sufficient to constitute a cause of action against a party, and entitle the plaintiff to some kind of relief or judgment, and the court renders a judgment different from, or beyond, that authorized by the facts stated, the defend-

ant may avail himself of the error, by objecting and excepting to the judgment as rendered.

Upon an examination of the complaint, we do not find any facts therein stated which authorize a personal judgment against the defendant Thomas Wilkerson. The facts stated do not show that Thomas was jointly liable with John C. to the plaintiff for the work, nor, indeed, that he was liable at all. The complaint, to be sure, starts out by saying that the defendants are indebted to the plaintiff in the sum of, etc., in manner and form, as follows, etc., and then proceeds to state facts which show an indebtedness of John C., only, to the plaintiff. It is alleged that John C. engaged and employed the plaintiff to do the work, and that it was done under his direction, and that John C. assumed control and ownership of the property on which the work was done. It is further alleged that John C. was in possession of the property, and, in substance, that he made the improvements thereon, to do business thereon in his own name, expecting to enjoy the use and occupation thereof, free of rent, etc.

All of this repels the idea that the plaintiff's work was done for, or upon the credit of, Thomas Wilkerson. It is alleged that Thomas was the owner of the property, but that John C. was in possession of it, doing business in his own name, with the knowledge, consent and assistance of his father, Thomas, and that the latter was aware of, and consented to, the improvements. This, however, does not show that the work was done upon the credit of Thomas, or that the latter in any way bound himself to pay therefor.

It remains to enquire whether the complaint alleged facts sufficient to entitle the plaintiff to a lien on the lots, as against Thomas Wilkerson. The statute on the subject of mechanics' liens provides, that "The provisions of this act shall only extend to work done or materials furnished on new buildings, or to a contract entered into

with the owner of any building for repairs, or to the engine or other machinery furnished for any mill, distillery or other manufactory, unless furnished to the owner of the land on which the same may be situate, and not to any contract made with the tenant, except only to the extent of his interest." 2 R. S. 1876, p. 267, sec. 648.

It is thus seen that a lien for repairs can not be acquired, as against the owner of the property, except upon a contract made with him; and not upon any contract made with the tenant, except only to the extent of his interest. See *Lynam* v. *King*, 9 Ind. 3; *Baylies* v. *Sinex*, 21 Ind. 45.

It appears from the complaint, that Thomas Wilkerson was the owner of the property, and it does not appear that any contract, express or implied, existed between him and the plaintiff for the doing of the work. Hence, the plaintiff acquired no lien upon the property, as against Thomas Wilkerson, the owner, unless the work was done upon a new building, even if it could have been acquired had the work been done upon a new building.

The notice set out in the complaint states, that the plaintiff intends to hold a lien upon the lots, describing them, " said lien being to secure the sum of one hundred and ninety-five dollars, which is a balance due me for work and labor performed in the repair of a certain brick building thereon situate, and in the erection of new and additional buildings thereon, upon all of which I hold a lien, as aforesaid, said work and labor being done at the instance and request of one John C. Wilkerson."

It is plain, that, on the facts stated, the plaintiff acquired no lien on the property, as against Thomas Wilkerson, the owner, for the repairs; and assuming, though not deciding, that he might have acquired a lien upon it, as against the owner, for the work done on the new buildings, on the facts stated, the question arises whether the notice was sufficient for that purpose. What was the amount of the plaintiff's claim for the work done on the new buildings? The notice does not answer this question.

The notice was, that the plaintiff intended to hold a lien on the whole property for the entire sum claimed to be due, including that for repairs as well as that for work on the new buildings, without any designation as to the amount claimed by him for work on the new buildings. It was no more effectual for acquiring a lien for the work done on the new buildings than if no amount whatever had been stated. The statute was not complied with, which requires that the notice shall specifically set forth the amount claimed. 2 R. S. 1876, p. 268, sec. 650.

The notice was also radically defective in another particular. There were three lots described on which a lien was sought to be acquired. A part of the work was done in the repair of a certain brick building, situate somewhere on the lots, and a part was done upon new buildings, but it was not stated or shown on what part of the lot or lots either the old or the new buildings were situated. It is clear that the plaintiff could acquire no lien on the old building or the lot or part of a lot on which it was situated, for the work done on the new buildings; nor could he acquire a lien on the new buildings or the lot or part of a lot on which they were situated, for work done in the repair of the old building. *Hill* v. *Braden*, 54 Ind. 72. It is apparent, from the notice itself, that the plaintiff could not acquire a lien upon the whole of the lots for the work done on the new buildings, because it shows that a part of them at least was occupied by the old building. The notice was, therefore, radically defective, in not stating the part or parts of the lots on which the plaintiff sought to acquire a lien for the work on the new buildings. See the case last above cited.

We are of opinion, that, on the facts stated, the plaintiff acquired no lien on the property, as against the defendant Thomas Wilkerson, and that the court erred in overruling his demurrer to the complaint.

We have examined the grounds upon which a new trial was asked, and have concluded, that, so far as the defend-

ant John C. Wilkerson is concerned, the court committed no error in overruling the motion. As there was only a personal judgment rendered against him, the record is disencumbered of any question as to a lien, so far as such question might affect him. There was evidence given designed to establish and locate the lien, which need not be here stated in detail, to which exception was taken. But we can not see how it prejudiced the defendant John C. Wilkerson upon the point of his personal liability.

On the trial, there was evidence tending to show that the defendant John C. employed the plaintiff to do the work; and, on the other hand, there was evidence tending to show that said defendant employed one Joseph Bundy to do the work, and that the plaintiff was a subcontractor under Bundy. On this point, there was a conflict in the evidence, but we can not disturb the conclusion arrived at by the jury.

One point made by the appellants we may notice specially. On the trial, the defendants introduced Joseph Bundy as a witness, whose evidence tended to establish the proposition that he took the job of work from the defendant John C., and that he, Bundy, employed the plaintiff, who was to look to Bundy for his pay. The plaintiff, upon the cross-examination, and with a view, as we suppose, to the impeachment of the witness, by showing statements made out of court, at variance with his evidence, asked him the following questions:

"Did you not say, at James Penniston's shop, in North Vernon, the latter part of March or first of April, to James Penniston, that you picked the man to do the plastering, and John" (meaning John C. Wilkerson) "did the hiring?

"Answer. I did not.

"Did you not, at the same time and place, say to James Penniston, that you hired the man to do the plastering, and that John" (meaning John C. Wilkerson) "became paymaster?

"Answer. I do not remember of making this statement."

The plaintiff then, at the proper time, called James Penniston as a witness, and the following questions were put and answers elicited:

" Did Joseph Bundy say to you, at your shop, in North Vernon, the latter part of March or first of April, that he picked the man to do the plastering, and John" (meaning John C. Wilkerson) " did the hiring?

"Answer. He did.

" Did he, at the same time and place, say to you that he hired the man to do the work, and John" (meaning John C. Wilkerson) " had become paymaster?

"Answer. He did."

The defendants objected to the evidence of Penniston, on the ground that it was immaterial, but it was admitted, and exception taken.

The counsel for the appellants argues that the evidence of Penniston was given to prove the fact that Wilkerson was to pay the plaintiff for his work. We think it plain, however, that the purpose of the evidence was to impeach the witness Bundy, and for this purpose it was competent.

The judgment below, as to John C. Wilkerson, is affirmed, and, as to Thomas Wilkerson, it is reversed, and the cause remanded, with instructions to the court below to sustain the demurrer of the latter to the complaint.

Costs in this court to be paid equally by the appellee and John C. Wilkerson.