Straub v. The Terre Haute and Logansport Railroad Company et al.

No. 16,397.

STRAUB v. THE TERRE HAUTE AND LOGANSPORT RAIL-
ROAD COMPANY ET AL.

MANDAMUS.—*When Will Not Lie.—Sufficiency of Complaint.—Railroad.—
Farm Crossing, Manner of.—Judgment by Agreement.—Prior and Con-
temporaneous Stipulations.*—Mandamus will not lie to compel a rail-
road company to construct and maintain a road crossing over its
right of way, in line with the road intersected, instead of at right
angles with the right of way, the right of way crossing the road at
acute angles, where a judgment by agreement in relation thereto
was entered containing no stipulation as to the manner of crossing,
but the plaintiff alleging in his complaint that it was the agreement
of the parties that the farm crossing was to be placed across the rail-
road not at right angles, but at the angle the farm road would make
in crossing the railroad, and that such was the intention of the par-
ties and the court.   In such case, there being no allegation of fraud
or mistake, it must be presumed that plaintiff consented to the en-
try of the judgment in the form it stands, and such judgment being
the repository of the final intentions of the parties, in regard to the
subject-matter of the agreement, it excludes proof of any prior and
contemporaneous stipulations which would contradict it.

From the St. Joseph Circuit Court.

*O. M. Cunningham* and *A. L. Brick*, for appellant.
*J. G. Williams*, *S. O. Bayless* and *C. G. Guenther*, for
appellees.

DAILEY, J.—This action was commenced in the St.
Joseph Circuit Court on February 26th, 1891.

The complaint alleges, in substance, that the appellee,
the Indiana and Lake Michigan Railway Company, in
1889, constructed a railroad through the lands of the ap-
pellant; that the right of way over the appellant's lands
was acquired by condemnation proceedings; that the
viewers appointed assessed his damages in the sum of
$2,100; that the appellant prosecuted an appeal to the
St. Joseph Circuit Court, and, pending said appeal, an

agreement was entered into by the appellant and the appellee, the Indiana and Lake Michigan Railway Company to the effect that in consideration that the appellant accept $2,100, the amonnt allowed by the appraisers, as damages for such right of way, said appellee would do certain extra work, the nature of which is specified in the final order and decree in said proceedings, as follows, omitting the caption:—

"Now come the parties to this suit by counsel, and on motion the continuance herein is set aside, by agreement of parties, the court finds that the appraisement hereinbefore made by the appraisers appointed by the judge of this court should be confirmed, subject, however, to the following modifications: That the said John Straub shall have the right, at all times, to have eleven (11) tile drains kept up and maintained under and across the land owned by him, as platted in the following map— running across the right of way and the roadbed of said railway company. Ten (10) of the said tile drains are to be located on or about the line of the double yellow lines marked on said plat, and the other at such place as may be mutually agreed on between Mr. McKean, the general engineer of the Terre Haute and Logansport Railway Company, and Mr. Straub. If they can not agree on the location, then on such location as may be fixed by Mr. Straub. Six (6) of said tile drains are to be of six (6) inch boxes, and five (5) of them to be of four (4) inch boxes. The material for the same to be furnished by Mr. Straub. Mr. Straub is to make the excavations, and pay all expenses and cost thereof, and keep the same in good order up to the actual roadbed of the railway company, and the railway company is to place and keep the boxes under the roadbed; the company shall pay Straub the value of so much lumber as

goes into the roadbed. Straub is to furnish first-class heavy oak lumber for the tilings.

"The railway company will keep open culverts for the flow of the water at the points marked D, A, E and G on said plat, and will dig a ditch sufficiently deep to carry water along the northerly side of the right of way from the points F and K to said culvert G. In case the culvert G will not carry off the water, the railway company will put in another culvert to the point marked F. Said tile drain and culvert are to be kept sufficiently low to carry water and drain the land on each side of the railway, and when the culverts are renewed the railway company shall replace the culverts with pile bridges.

"The railway company shall put and maintain farm crossings for Mr. Straub at the points marked F, A and B, and will keep up the said crossings and approaches thereto in good condition, and the railway company will put in cattle guards at the point marked A, and iron cattle guards at the point marked F.

"The water from the Lake Shore ditch, near the crossing of the Lake Shore Railway Company and the land of the petitioning company, is not to be carried to the culvert G. The tile drains are to be put in by the 30th day of April, 1890, and the other work is to be done as soon as practicable.

"It is, therefore, ordered that the appraisement and appropriation of the land in this case be approved and confirmed, subject, however, to the modifications and conditions aforesaid.

"And said appropriation, assessment, modifications and conditions shall, at all times, be binding and obligatory on the parties to this suit and their heirs, assigns and successors and representatives.

"And it is further ordered that the Indiana and Lake

Michigan Railway Company pay all the costs and expenses of this proceeding.''

The appellant further alleges, in substance, that the right of way of the appellee, the Indiana and Lake Michigan Railway Company, crosses appellant's land from southeast to northwest, cutting his land into triangles, and crosses his farm roads at acute angles; that appellant has, for several years, maintained a fence and ditch north and south through said tract; that the ditch and fence intersect the right of way at point F in diagram attached; that the land along said ditch and fence was used as a farm road, for the reason that, being drained, it was rendered firm and capable of bearing heavy loads; that by the order aforesaid said appellee was to place and maintain a farm crossing at point F; that it was expressly agreed that said crossing should be a direct continuation of the farm road and not to deflect therefrom or cross the right of way at right angles; that in consideration of the $2,100 damages being accepted by appellant, he was to have the crossing laid, as aforesaid, so as to be relieved from the expense of changing the road; that said order of the court was made according to the agreement and stipulation, and it says said appellee shall put in and maintain farm crossings at points F, A, and B, and keep the same in repair; that the agreement upon which the judgment was founded, was that the crossings were not to be placed at right angles, but in direct line with the farm road; that this is the only reasonable way in which the crossings should be made; that said appellee disregarded this agreement, but constructed the crossing at right angles with the right of way; that before the crossing was so constructed, he requested the said appellee to cross the right of way in accordance with said agreement; that in providing the order of the court at the time of the settlement, nothing was said as to how

the crossing should be laid; that this part of their agreement was not placed in the order and judgment; that appellant, because of the manner in which said crossing is now constructed, will be required to construct a new road and lay out large sums of money; that the crossing, as now erected, creates a jog in the farm road, and to fill and connect therewith will occasion an expenditure of $200; that such a crossing is impracticable, injures the appearance of the farm and is an inconsistent and unreasonable way to cross the railroad because of the marshy condition of the land; that a crossing north and south on the line of the farm road would be no inconvenience to the railway company, while, as constructed now, it is a great damage and inconvenience to the appellant.

Wherefore the appellant prays that the court grant an order requiring said appellee to construct said crossing in line of the farm road, at point F, and that the same be done at its expense." To this complaint separate demurrers were filed by the appellees, on the ground that it does not state facts sufficient to constitute a cause of action. Each demurrer was sustained, to which ruling appellant excepted and appealed to this court. He assigns as error the sustaining of the demurrers to the complaint. The judgment of the court in the condemnation proceedings, it will be readily seen, does not provide that said crossing should be a direct continuation of the farm road along the ditch. It does provide that "the railway company shall put in and maintain farm crossings for the appellant at the points marked F, A, and B, and will keep up the said crossings and approaches thereto in good condition, and the railway company will put in cattle guards at the point marked A, and iron cattle guards at the point marked F." The purpose of the action, and the prayer of the complaint, are to compel

the appellee, The Indiana and Lake Michigan Railway Company, to make and construct said farm crossing across said right of way in a direct north and south course, upon the direct line of said farm road, at the point "F" on the diagram set forth in the complaint, instead of at right angles with the right of way, as now constructed by the company. It is averred in the complaint, that in providing the order of the court in the adjustment of the claims of the respective parties thereto, nothing was said as to how the crossings should be laid, that that part of the agreement on which the judgment was predicated was not placed in the judgment. It follows from this allegation that, if any agreement was entered into as to the manner of the work and the direction of the crossing, it was made either before or at the time of the entry of the judgment, with the consent of all the parties concerned, and not subsequent thereto. A judgment thus deliberately entered into, free from fraud or mistake, is clothed with great solemnity as the final expression of the parties, and excludes and merges all prior and contemporaneous agreements. This court can not construe the judgment so as to carry out an agreement made at the time of, or before, the entry of the order, and not contained therein. It is the business and duty of courts, as we understand it, to enforce judgments according to their terms and meaning. The court is asked to construe and enforce this judgment, not according to its terms, but with a view to carrying out a contemporaneous agreement omitted from a judgment entered by consent of the parties. The appellant bases his cause of action on the agreement stated in his complaint, "that said farm crossings were to be placed across the railroad not at right angles, but at the angle said farm road would make in crossing the railroad," an agreement which must have been made before the rendition of

the judgment, as it is alleged that the judgment is formed upon it. We can not relax the well settled rule that a formal written contract, which seems to be complete, will be presumed to be the repository of the final intentions of the parties, in regard to the subject-matter of the agreement, and that it excludes proof of any prior and contemporaneous stipulations which would contradict the writing. *Singer Mfg. Co.* v. *Forsyth,* 108 Ind. 334 (337). "All precedent or contemporaneous verbal negotiations and agreements are merged in a written contract between the parties covering the same subject-matter; and a complaint showing on its face that it is founded on a verbal agreement entered into by the parties preceding or concurrently with the execution of the written contract, is bad." *Carr, Admr.,* v. *Hays,* 110 Ind. 408. "Controversy can only be ended by holding that the final contract, when full and complete, free from fraud or mistake, and clear of doubt or ambiguity, constitutes the controlling evidence of the agreement of the parties." *Phillbrook* v. *Emswiler,* 92 Ind. 590 (592). This judgment based upon the consent of the parties is definite, full and complete, and no fraud or mistake is averred. It is urged by the appellant that he is content with the form of the judgment, but insists that the company has failed to carry out, in a reasonable manner, the intention of the parties and the court. The judgment provides that the company shall put in and maintain crossings for appellant at crossings "F," "A," and "B," and keep up the crossings and approaches thereto in good condition. There is no complaint as to the last two. The one at "F" only is challenged. It is admitted that a crossing is constructed there at right angles with the railroad right of way, and properly maintained. The direction of the crossing is not specified in the judgment. If the parties intended that it should be

placed at an acute angle, they could have said so in a few words, and settled the controversy. In the absence of such a clause, it may be presumed that appellant consented to the entry of the judgment in its present form, and that the plan adopted would least endanger the lives of the traveling public, and of the employes and the property of the company. The theory of counsel that the appellant has the right to have his judgment enforced, not according to its terms, but according to a contemporaneous alleged agreement, can only apply to judgments that contain ambiguities, rendering them so obscure as not to clearly express the exact determination of the court.

In such cases the obscurity may be dispelled, and the meaning made manifest by reference to the pleadings and attested stipulations between the parties. This action, to us, seems somewhat unique. It is not one for specific performance of a contract, nor is it a proceeding for the correction or modification of a judgment. We do not think the court could so construe it as to give it a meaning and purpose not expressed in its terms. If the judgment, as entered, did not express the agreement of the parties, or, if there was some provision which the court omitted to incorporate in its judgment, material to the rights of the appellant, his remedy was to object to the entry of the judgment, at the time, or move to modify the same so as to conform to the terms of the settlement. *Wilkerson* v. *Rust*, 57 Ind. 172; *Forgey* v. *First Nat'l Bank, etc.*, 66 Ind. 123; *Teal* v. *Spangler*, 72 Ind. 380; *Martin* v. *Martin*, 74 Ind. 207.

The complaint states no cause of action against the Terre Haute, etc., R. R. Co., because that company was not a party to the condemnation proceedings; is not connected with the subject-matter of the suit by any aver-

ment, and is only mentioned in the caption of the complaint.

We think, for the reasons stated, that the court did not err in sustaining either of the demurrers to the complaint.

Judgment affirmed.

HOWARD, J., took no part in this case.

Filed Nov. 23, 1893.