[S. F. No. 1992.—Department One.—June 7, 1902.]

## CHARLES S. BURNELL, Respondent, v. SAN FRANCISCO SAVINGS UNION, Appellant.

SAVINGS BANK—DEPOSIT BY WIFE TO HER CREDIT—UNAUTHORIZED PAYMENT TO HUSBAND—LIABILITY OF BANK.—A deposit in a savings bank by a wife to her credit of the surplus proceeds of sale of her land, after satisfaction of a deed of trust to secure her obligation to the savings bank, entitles her to recover the amount thereof from the bank, notwithstanding an unauthorized issuance by the bank to her husband of a certificate of deposit of the amount, which was paid to him.

ID.—AUTHORITY OF AGENT OF BANK.—An officer of the savings bank who had charge of the business of the loan department, and was authorized to receive payment of the deed of trust, who was one of the trustees named therein, and delivered the reconveyance to the wife, and who was accustomed to receive money and checks, and in fact received the deposit made by the wife, and passed it over to a teller of the bank, and signed the certificate of deposit to the husband for the cashier, had authority to bind the bank by receipt of the deposit.

ID.—OSTENSIBLE AUTHORITY—RIGHTS OF DEPOSITORS.—One who wishes to deposit money in a savings bank, and delivers it at the counter.

of the bank to one of its officers, who has apparent or ostensible authority to receive the same, is not required to ascertain whether the board of directors has given express authority to such officer to receive the deposit.

Id.—Estoppel of Savings Bank.—If the conduct of the savings bank has been such as to justify the depositor in believing that the officer was authorized to receive the money, the bank cannot exonerate itself from liability by showing that no express authority therefor had been given by the board of directors.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

H. C. Campbell, and Campbell & Fowler, for Appellant.

Thomas B. Pheby, Jr., and James M. Hanley, for Respondent.

HARRISON, J.—The plaintiff brought this action to recover from the defendant certain money alleged to have been received by it on deposit for the use of Margaret A. Given and assigned by her to him. Judgment was rendered in his favor, and the defendant has appealed.

The following facts appear from the record: On July 25, 1896, Mrs. Given was the owner of a piece of real estate in San Francisco, which was encumbered by a deed of trust to secure an obligation of hers to the defendant, amounting to about seven thousand dollars, and which she had sold to one Mattheas. On that day the purchaser, together with Mr. Kilpatrick, who had negotiated the sale, went to the banking-house of the defendant for the purpose of having the encumbrance discharged and closing the transaction. The amount of the purchase price to be paid was ten thousand dollars, and the purchaser's check for this amount was delivered to an officer of the defendant, Mr. T. B. Kent, who was at his desk behind the counter and in charge thereof, with directions that the balance of the check, after deducting the amount of the indebtedness to the defendant, should be held by defendant on deposit for Mrs. Given. Mr. Kent thereupon received the check and delivered to them a reconveyance of

the land. The defendant, instead of retaining the money for Mrs. Given, on the same day issued to her husband its certificate of deposit therefor, and three days thereafter paid the same to his order. Upon the evidence before it the court found that the check was delivered to the defendant, and that upon its delivery the defendant was instructed to hold, for the use and benefit of Mrs. Given, the balance thereof, after applying so much as should be necessary for the payment of the indebtedness secured by the deed of trust; that the total amount of such indebtedness was $6,953.55; and that the balance, after paying that amount,—viz., $3,046.45,—"was then and there received by said defendant, San Francisco Savings Union, to and for the use and benefit of said Margaret A. Given."

The defendant does not challenge the sufficiency of the evidence to sustain this finding, but it specifies as one of the particulars wherein it claims the evidence to be insufficient to justify the decision that it was not shown that Kent had any authority to receive moneys or deposits for the defendant, or to receive any directions or instructions as to the distribution or deposit of money, or to bind the defendant in regard to money or deposits. Without determining whether the above finding of the court can be reviewed under this specification, we are of the opinion that the evidence before the court was sufficient to authorize it to hold that the relation of Kent to the defendant was such that the transaction with him was binding upon the defendant. It is true that Mr. White, the cashier and secretary of the defendant, testified that Mr. Kent had no power to bind the bank, and that the bank would not be bound by any instructions given to him, or by any promises that he might make; but this statement of the cashier was merely his opinion, rather than evidence of that fact. Whether Mr. Kent had power to bind the bank, or whether the bank would be bound by his acts, is to be determined by a consideration of his relation to the bank and the principles governing the same, and not by the mere opinion of a witness as to the legal effect of that relation. One wishing to deposit money in a savings bank, who delivers it at the counter of the bank to one of its officers who has apparent or ostensible authority to receive the same, is not required to ascertain whether the board of directors has given such officer express authority to

receive the deposit. If the conduct of the bank has been such as to justify the depositor in believing that he is authorized to receive the money, the bank cannot exonerate itself from liability by showing that no express authority therefor had been given by the board of directors.

Mr. Kent had been an officer of the bank for more than eighteen years, and had held a prominent position in its business. He was the person who generally attended to the loan department of the bank and had charge of the business thereof. He was also one of the trustees named in the deed of trust executed by Mrs. Given, and signed the reconveyance to her. He was the person who, on behalf of the bank, conducted the business of receiving the payment of the loan and delivered the reconveyance to her. The transaction was had and the check delivered to him across the counter of the bank and at the desk or window at which such transactions were ordinarily had. It was customary for him to receive money or checks at that window and deliver the same to other employees, with instruction as to their disposition. The check delivered to him in the present case was handed over to one of the tellers in the bank, and the money therefor was received by the bank and passed through its books of account. Mr. Kent had been authorized by the board of directors to sign and indorse checks and certificates of deposit for the bank in the absence of the cashier, and the certificate of deposit which was issued by the bank to the husband of Mrs. Given was signed by him for the cashier. Under these facts it must be held that he had authority to bind the bank by receiving the deposit, and that the bank is bound by his acts, and that the money delivered to him on behalf of Mrs. Given was a delivery to the bank, and was received by it for her account. As the bank has never paid the same to her, it is liable therefor to the plaintiff herein.

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.